UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONEY KUMAR (A-245-345-698),<br>Petitioner,<br>v.<br>WARDEN, FACILITY ADMINISTRATOR OF GOLDEN STATE ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-03443 DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Honey Kumar (A-245-345-698), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates his substantive and procedural due process rights under the Fifth Amendment. (Id. (claims one and two).) On May 13, 2026, the district court granted petitioner's motion for a temporary restraining order in part and ordered petitioner be provided a bond hearing. (ECF No. 8.) For the following reasons, this Court recommends that the petition be granted.

///

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On May 4, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On May 4, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Selis Tinoco v. Noem, No. 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025), and D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) and other similar cases decided by the district court. (ECF No. 4.) On May 5, 2026, respondents filed an opposition to the petition and the motion for a temporary restraining order and indicated they did not oppose the district court ruling on the merits. (ECF No. 6.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), and that this case is factually distinguishable from the cases identified by the district court because petitioner is a fugitive who has been convicted in India of serious crimes. (ECF No. 6.) Petitioner did not file a reply. (See

---

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 8.)

Docket.)

On Mary 13, 2026, the district court granted the motion for a temporary restraining order in part, ordering petitioner be provided with a bond hearing before an immigration judge where the government "shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence." (Id.) The district court reasoned that "[t]he court has previously found that where the Government presents non-pretextual reasons to re-detain a noncitizen previously released into the United States, the proper remedy for the Government's failure to provide a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release." (Id. (citing Calvillo v. Chestnut, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 (E.D. Cal. Jan. 31, 2026)).) The district court denied petitioner's request for immediate release and referred this action to the assigned magistrate judge for further proceedings. (Id.)

On May 15, 2026, the Court provided petitioner with another opportunity to file a traverse or reply to respondents' opposition to the habeas petition. (ECF No. 9.) Petitioner did not file a traverse or reply.[2] (See Docket.) Briefing on the merits is completed. (See Docket.)

After this habeas petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez, this Court recommends that the petition for writ of habeas

[2] Though petitioner is represented by counsel in this action ("Kumar I"), petitioner filed a pro se renewed motion for a temporary restraining order and motion to appoint counsel, which were denied without prejudice because petitioner is represented by counsel and may not submit filings pro se while represented by counsel. (See ECF Nos. 12-14.) Separately, petitioner filed a second habeas petition pro se on May 11, 2026. Kumar v. Warden, Golden State Annex Detention Facility, No. 1:26-cv-03602-DC-CSK (E.D. Cal.) ("Kumar II"). An order relating the instant petition, Kumar I, with Kumar II was issued on May 15, 2026. (ECF No. 10.) After counsel was appointed for petitioner in Kumar II, petitioner filed a non-opposition to the government's motion to dismiss Kumar II as duplicative of Kumar I, and the Kumar II petition was dismissed. (Kumar II, ECF Nos. 10, 14, 15.)

corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued; and that respondents violated petitioner's Fifth Amendment procedural due process rights by re-detaining him without a hearing where petitioner had been previously released by immigration authorities in October 2023 (claim two) and where respondents do not assert that petitioner is subject to detention pursuant to 8 U.S.C. 1226(c). See Rodriguez Vazquez, 183 F.4th 1160; Labrador-Prato, 815 F. Supp. 3d at 1122; ECF No. 8. Where the district court has previously ordered that petitioner be provided with a bond hearing based on its finding that the Government asserted a non-pretextual change in circumstance warranting a noncitizen's detention pending removal proceedings, the Court does not recommend granting any further relief on the petition. (See ECF No. 8.)

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Where the district court previously ordered that petitioner be provided with a bond hearing, no further relief on the petition is warranted.
3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/kuma.3443.26.frs